# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **LLOYD D. CARICO**, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00051 |
| ) | |
| v. ) | OPINION |
| ) | |
| **JO ANNE B. BARNHART,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY** ) | |
| ) | |
| Defendant. ) | |

In this social security case, I affirm the final decision of the Commissioner.

## *I. Background.*

Lloyd D. Carico filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2005) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision and whether the correct law was applied. *See* 42 U.S.C.A. § 405(g) (West 2003 & Supp. 2005); *Hays v. Sullivan*, 907

F.2d 1453, 1456 (4th Cir. 1990). If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Carico applied for benefits on June 12, 2002, alleging disability since August 21, 2001, and received a hearing before an administrative law judge ("ALJ") on October 30, 2003. By decision dated November 7, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Carico was forty-two years old at the time of his hearing. He has ten years of formal education, a limited education under the Regulations, and past relevant work experience as a diesel mechanic. Carico claims disability due to chronic obstructive pulmonary disease, lumbar strain, herniated disc, diabetes, space narrowing, and high

-2-

blood pressure. Relying solely on the plaintiff's testimony, the ALJ found that the plaintiff has not engaged in substantial gainful activity since August 21, 2001, the alleged onset date of disability.

The record includes medical evidence from St. Mary's Hospital; John Marshall, M.D.; Johnston Memorial Hospital; Matthew W. Wood, Jr., M.D.; Park Avenue Wellness; Stone Mountain Health Services; Alan Carnell, M.D.; Wellmont Bristol Regional Medical Center; Charles Williams, Jr., P.T.; J.H. Kurre, Jr., M.D.; Steven R. Prince, M.D.; Lebanon Physical Therapy; Lonesome Pine Hospital; Neal A. Jewell, M.D.; Medical Associates of Southwest Virginia; G.S. Kanwal, M.D.; Russell County Medical Center; Holston Valley Medical Center; Coeburn Hospital; Blue Ridge Occupational Health; Department of Social Services; and Family Drug Center.

Based upon the evidence, the ALJ determined that the plaintiff has severe impairments and is unable to return to his past relevant work, but has the residual functional capacity ("RFC") to perform light and sedentary work, as defined in the regulations, with restrictions. Based upon the testimony of a vocational expert ("VE"), the ALJ found that there existed a significant number of jobs in the national economy that the plaintiff could perform, including jobs as a hand packer, sorter, assembler, inspector, cashier, and information clerk.

*III. Analysis.*

Carico argues that the decision of the ALJ was not based on substantial evidence. Specifically, he alleges that the ALJ erred by (1) improperly determining his RFC; (2) failing to find that he meets or equals the requirements in Listing 1.04(A); and (3) finding that his subjective complaints of pain were not credible. For the following reasons, I disagree.

*A*

Carico first asserts that the ALJ improperly determined his RFC.

In reviewing for substantial evidence, I do not re-weigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1456. If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *See Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, "[t]he issue before [me], therefore, is not whether [Carico] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

-4-

The ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *see Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion. *See* 20 C.F.R. § 404.1527(d) (2005). A medical expert's opinion as to the ultimate conclusion of disability is not dispositive; opinions as to disability are reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1) (2005). Generally, an expert's opinion is given more weight the more the medical source presents relevant evidence to support it and the better the source explains the opinion. *See* 20 C.F.R. § 404.1527(d)(3) (2005). In addition, the more consistent the opinion is with the record as a whole, the more weight it will be given. *See* 20 C.F.R. § 404.1527(d)(4) (2005). Medical findings must also be supported by "medically acceptable clinical and laboratory diagnostic techniques." *See* 20 C.F.R. § 404.1526(b) (2005).

RFC is defined as what a claimant can do in a work setting despite his or her limitations. 20 C.F.R. § 404.1545(a) (2005). In this case, the ALJ's opinion, as it relates to the plaintiff's RFC to perform light work, is supported by substantial medical evidence in the record. The plaintiff alleges disability, in part, due to back problems relating to a work injury that occurred in August 2001. Eight months after the injury, Dr. Marshall opined that the plaintiff was approaching maximum medical improvement

and that "he may be okay to return to his regular job duties." (R. at 104.) Similarly, Dr. Wood stated on September 25, 2002, that the plaintiff was at maximum medical improvement and could return to work without any significant restrictions, "having reviewed his job description and compar[ing] [it] to [his] capabilities." (R. at 127.) Dr. Burt also saw the plaintiff in September 2002, reporting an unremarkable examination and that the plaintiff could return to work. (R. 126.)

In evaluating the plaintiff, Drs. Wood and Burt relied on MRI results, a myelogram, a CT scant, and a functional evaluation report. (R. at 126, 132, 135.) Based on the results of these tests, Drs. Wood and Burt concluded that the plaintiff's spine was stable, that he had a contained protrusion of the L4 disc without significant thecal compression, and that the protrusion did not change or increase with flexion and extension under weight bearing. (R. at 132.) Although the plaintiff's treating musculoskeletal specialists stated that the plaintiff could return to his past heavy work, and the state agency medical sources opined that the plaintiff is capable of performing medium exertion, the ALJ restricted the plaintiff to a reduced range of light work. (R. at 19-20.) The ALJ gave the plaintiff every benefit of the doubt, and his RFC assessment is supported by substantial evidence.[1]

---

[1] As for the plaintiff's musculoskeletal complaints, the ALJ further restricted the plaintiff from jobs requiring repetitive stooping, squatting, and kneeling. Also, the ALJ further restricted the plaintiff because of his respiratory impairment, stating that the plaintiff

-6-

*B*

Next, Carico argues that the ALJ erred by failing to find that he meets or equals the requirements in Listing 1.04(A).

The Commissioner applies a five-step evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2005). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.* § 404.1520(a) (2005). Here, Carico sought benefits for, among other impairments, lumbar strain and herniated disc. The ALJ determined that these impairments did not meet or equal the requirements in Listing 1.04(A).

Listing 1.04(A) of Appendix 1 includes disorders of the spine or spinal cord. In order to meet this listing, the plaintiff must show, among other things, that he had a motor loss. There is substantial evidence to support the ALJ's conclusion that the

---

could not work at jobs that would expose him to respiratory irritants and temperature extremes. (R. at 20.)

plaintiff did not meet or equal Listing 1.04(A) because the plaintiff did not have a significant motor loss. Indeed, Drs. Marshall, Wood, and Burt, determined that the plaintiff's motor loss was insignificant, and, as mentioned, these treating specialists all released the plaintiff to work as a truck mechanic, a job requiring heavy exertion. (R. at 19, 104, 126-27.) Therefore, there is substantial evidence to support the ALJ's conclusion that the plaintiff did not meet or equal Listing 1.04(A).

*C*

Finally, the plaintiff argues that the ALJ erred in finding that his subjective complaints of pain were not credible.

The determination of whether a claimant is disabled by pain or other subjective symptoms is a two-step process under the Act. *See Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(b), (c), 416.929(b), (c)(2005). First, there must be objective medical evidence showing the existence of an impairment that could reasonably be expected to produce the actual pain, in the amount and degree alleged by the claimant. *See Craig*, 76 F.3d at 594-95. Only after the existence of such an impairment is established must the ALJ consider the intensity and persistence of the claimant's pain and the extent to which it affects his ability to work. *See Id.* Although a claimant's allegations about pain may not be discredited solely because they are not

-8-

substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence. *See Id*. at 595.

In reviewing for substantial evidence, I do not re-weigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1456. In this case, the ALJ properly weighed the plaintiff's credibility, allegations of pain, and the extent to which these allegations were inconsistent with the available evidence. Moreover, the record includes documentary evidence that supports the ALJ's finding that the plaintiff's allegations of disabling pain are not credible. As the ALJ pointed out, the record contains much evidence of symptom magnification. (R. at 20.) Indeed, upon treating the plaintiff and reviewing his medical records, Dr. Wood stated that he suspected symptom magnification, and that "it is impossible for me to understand how his pain could be so profound on a given level of performance at rehab and the benign nature of his exam and diagnostic studies." (R. at 125.) Additionally, the ALJ explained that the record contains evidence of pain medicine abuse (R. at 19 (citing Ex. 17F)), and evidence of work activity after the plaintiff's alleged onset date. (R. at 20, 93, 110, 188.) In short, the ALJ properly considered the plaintiff's subjective complaints as they related to his RFC, and made appropriate credibility findings.

-9-

Case 2:04-cv-00051-JPJ-PMS   Document 16   Filed 08/31/05   Page 9 of 10   Pageid#: 105

*IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: August 31, 2005

 /s/ JAMES P. JONES
Chief United States District Judge